# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SHERWOOD L. HARD,

        Petitioner,

v.                                                           Case No. 07-CV-1034

JEFFREY P. ENDICOTT,

        Respondent.

_____

# ORDER

On November 21, 2007, petitioner Sherwood L. Hard ("Hard") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his April 24, 2003 conviction of second degree sexual assault of a child. After a jury trial in Milwaukee County Circuit Court, Hard was found guilty of the charged offense and was sentenced to 12 years initial confinement to be followed by 5 years extended supervision. Hard is currently confined at Redgranite Correctional Institution. The court will review Hard's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually

frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has exhausted available state remedies and avoided procedural default.

A state prisoner may only obtain federal habeas review of his claim if he has exhausted state remedies and avoided procedurally defaulting his claim. 28 U.S.C. § 2254(b) and (c). The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990).

A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by

-2-
Case 2:07-cv-01034-JPS   Filed 02/11/08   Page 2 of 6   Document 13

failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

It appears from the face of Hard's federal habeas petition that he has not exhausted his state remedies and his claims are procedurally defaulted. The Wisconsin Court of Appeals affirmed the denial of Hard's motion for postconviction relief, concluding that his claims were procedurally barred by *State V. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994) and Wis. Stat. § 974.06(4) because Hard could have raised his claims in his response to his appellate counsel's no-merit report, but he did not, and he offered no reason for his failure to do so. *State v. Hard*, Case No 2006AP1629 (Wis. Ct. App. Aug. 6 2007). In an order dated January 16, 2008, this court granted Hard's motion to amend his petition and ordered him to describe any petitions for review that he filed with the Wisconsin Supreme Court and attach any decision issued by the Wisconsin Supreme Court. Hard has not submitted any Wisconsin Supreme Court decisions regarding the claims raised in his petition, and, from his amended petition, it appears that he did not raise his claims in the Wisconsin Supreme Court. Because Hard did not present the claims in his petition to the highest state court for a ruling on the merits, and the time for doing so has passed, his claims are procedurally defaulted.

In the event a federal habeas petition contains a constitutional claim which was procedurally defaulted for any reason, the district court may still review the claim, but only if the state prisoner can demonstrate adequate cause for his failure to raise the claim and actual prejudice as a result of the default, or demonstrate that

failure to review the claim would result in a fundamental miscarriage of justice. *Thomas*, 201 F.3d at 999. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To show adequate cause for a procedural default, the petitioner must point to "some objective factor external" to the petitioner, like interference by prison officials, that impeded the petitioner's ability to exhaust the state review options. *Murray*, 477 U.S. at 488. The cause for the default must be "something that cannot fairly be attributed" to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

Here, Hard has not pointed to "some objective factor external" to him which impeded his ability to raise the procedurally defaulted claims in state court. In his response to the court order dated January 16, 2008, Hard appears to argue that his counsel and the Wisconsin Court of Appeals conspired against him. These unfounded allegations, however, do not explain why he did not present his claims to the Wisconsin Supreme Court for a ruling on the merits.

Hard also "maintains that constitutional errors occurred" that deprived him and the jury from exculpatory evidence. (Pet'r Supplement to Pet. 17.) However, the "miscarriage of justice" exception to the cause and prejudice standard requires a colorable claim of "actual" innocence as well as an allegation of a constitutional wrong. *Moleterno v. Nelson*, 114 F.3d 629, 636 (7th Cir. 1997). Hard asserts that if he were permitted to introduce new exculpatory evidence in the form of "Det. Blomme's coerced, or restrain investigative tactics," it is more likely than not that no

-4-
Case 2:07-cv-01034-JPS   Filed 02/11/08   Page 4 of 6   Document 13

reasonable juror would have convicted him. (Pet'r Supplement to Pet. 17.) Hard submitted an incident report prepared by Det. Blomme describing the victim's account of the assault and the subsequent police investigation. (Pet'r Br. Ex. O.) A review of the report does not reveal that the victim's statement was the product of coercion, or that there was "a constitutional violation" that has "probably resulted in the conviction of one who is actually innocent." *Thomas*, 201 F.3d at 999. Thus, the "miscarriage of justice" exception to the cause and prejudice standard is not open to Hard. *See Moleterno*, 114 F.3d at 636 citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence). Furthermore, in the order dated January 16, 2008, the court directed Hard to demonstrate that his petition is timely. Hard, however, did not discuss in his response the timeliness of his federal habeas petition. In light of the foregoing, the court concludes that Hard does not present the court with adequate cause for the procedural default or credible reasons for why he is actually innocent or that his conviction was a fundamental miscarriage of justice.

Accordingly,

**IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and the same is hereby **DENIED** because the claims are procedurally defaulted;

**IT IS FURTHER ORDERED** that the petitioner's motion to supplement his petition (Docket # 12) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for reconsideration of the denial of appointment of counsel (Docket # 10) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-6-
Case 2:07-cv-01034-JPS   Filed 02/11/08   Page 6 of 6   Document 13